THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE: CIVLR 7.1(a)(1)
(Rule Number/Section)

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

FILED ___ LODGED
___ RECEIVED ___ COPY
JUN - 6 2014
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY___ DEPUTY

UNITED STATES OF AMERICA,  )
        Plaintiff,  )
   )
   )
vs.  )  Cr 10 - 1071 - 001PHX-JAT
   )
NATHANIEL JAMES WEBB,  )
        Defendant.  )

## MOTION FOR TERMINATION OF GARNISHMENT

    Comes Now, the Defendant, Nathaniel J. Webb, who appears and acts Pro Se in this motion, states that this motion is made pursuant to Title 28 U.S.C. § 3205 (c)(8), and (c)(10)(A).

### STATEMENT OF CASE

    Defendant Webb was sentenced in a federal criminal case in this Court on the 30th day of April, 2012. Plaintiff then sought garnishment of defendant Webb's per-capita checks by Writ of Garnishment filed eighteen (18) months after the criminal judgment. Writ of Garnishment by the Plaintiff was filed on the 22nd day of November, 2013. This Court has recently Ordered garnishment on the defendants per-capita checks without consideration of the judgment handed down on defendant Webb. That Judgment(see defendants exhibits) stated and directed quarterly payments of $25.00 be made by the Bureau Of Prisons, Inmate FinancialResponsibility Program, which the Plaintiff wants to fast forward this court Order with its use of the garnishment provisions. Not caring about this court "judicial orders" already made at the sentencing hearing of the defendant Webb on the 30th day of April, 2012.

    The Plaintiff has over stepped itself and made an end-around this court's "judicial order" with its Writ of Garnishment, which this court has granted without all the facts laid out on the table for everyone to see and read.

Defendant Webb made written motion to this court for a hearing in this matter on the 1st of October, 2013. Which was denied by this court. Not given the defendant Webb due process he was entitled too.

Now, Defendant Webb makes this motion for Termination of Garnishment.

## AUTHORITIES IN SUPPORT FOR QUASHING THE GARNISHMENT WRIT.

Defendant Nathaniel Webb was sentenced by this court on the 30th day of April, 2012. Plaintiff filed its Writ of Garnishmet in the month of November, 2013. Thats eighteen (18) months after this courts "judicial orders" issued the criminal sentencing proceedings. Thus, giving Nathaniel Webb super-priority over the plaintiffs claim for garnishment. And now the plaintiff must go to the end of the line to get paid. That first in time(sentencing hearing) is first in right. Title 26 USC § 6323 (a), and **United States v. . Brosseau**, 446 F. Supp. 2d 659, **661** August 10, 2006.

In Brosseau, the Court found that the governments lien was treated as a tax lien in order to establish "priorty" of the parties. id. at **661** The statutes, section § 3205 (c)(8). This Court's judicial order was issued first in time at the sentencing hearing. See Defendant Webb's exhibits attached hereto for Court convience Section 3205 (c)(8) states;

> "Judicial orders and garnishment for the
> support of a person shall have priority
> over a writ of garnishment issued under
> this section" Id. (c)(8).

The Plaintiffs Writ of Garnishment was issued later in time. Therefore, the judicial order of April 30th, 2012 has precedence over the writ of garnishment of November, 2013. Defendant Webb has super-priority over the plaintiffs claim for garnishment. Plaintiff must go to the end of the line behind this court judicial order to get paid. Title 28 USC § 3205(c)(8).

2

The Plaintiff has no standing to be seeking a writ of garnishment to fast forward payments like its doing now. When a payments schedule was already in place and being utilized by the Defendant as ordered by this court. The wrongful taken of Nathaniel Webb's per-capita checks without due process and fraud upon the court by the plaintiffs cannot be ignored by this court. Nathaniel Webb's per-capita checks must be refunded to him immediately and without delay. The Writ of Garnishment must be quashed in its entirety as illegal and unwarranted. Also, this court must take notice that the defendant was to make quarterly payments after his release from incarceration, but the defendant Webb has not been released from prison and is taken part in the Inmate Financial Responsibility Program and is making quarterly payments as ordered by this court.  See Exhibit attached page 2 of 4. Judgment in a Criminal Case.

The Plaintiff is unhappy with this court judicial order made in the judgment in a criminal case for quarterly payments. So, the plaintiff does a end-around move behind this courts back and seeks a writ of garnishment of Nathaniel Webb's per-capita checks. Then dose not explain to this court that Nathaniel Webb has two (2) other co-defendants who were also ordered to make payments on the 2200.00 restitution. See Judgment exhibit page 2.

> "Restitution shall be paid <u>jointly and severally</u>
> with the co-defendant Issac Morgan, in this case,
> in addition to the defendant, Johnny Lopez, in
> the related case, CR 11-91835 PHX-ROS, until
> restitution is paid in full" Exhibit Pg.2 Judgment.

$2,200.00 divided by 3 co-defendants equals $733.33 each.

3

Will Plaintiffs end-around move be explained to this court when told to refund Nathaniel Webbs per-capita checks? When the quarterly payments were already taken place? Is this court going to say no harm, no foul done with wrongfull taken of the per-capita checks when a judicial order was already in place? Allowing the government/plaintiff to make its end-around moves without telling this Court all the facts, and not allowing Nathaniel Webb his day in Court to explain the priority issue, this Courts judicial order on quarterly payments how and when made? Will the court redress this wrong by granting the motion to quash/termination of the garnishment by plaintiff?

The right thing would be to grant this motion, order the plaintiff to refund in total Nathaniel Webbs per-capita checks, and allow Webb to continue his quarterly payments as previously ordered by this court.

To deny this motion is to say its alright for the government/plaintiff to decieve this court with its fraudulent writ of garnishment and encourage the plaintiff to continue this kind of conduct before the court because it don't have to answer to the court. Is it alright for the plaintiff to get a writ of garnishment because its unhappy with this courts judicial order on how and when restitution payments are to be made by Defendant Nathaniel Webb?

PRAYER FOR RELIEF

WHEREFORE. All things considered in this motion for termination/quash the garnishment proceedings as illegal, unwarranted,

and without due process afforded this defendant Webb.

The sentencing of defendant is a judicial order within the meaning of §3205(c)(8).

> "Judicial orders * * * shall have priority over a writ of garnishment" id. (c)(8).

The writ of garnishment must be quashed without delay. And Orders from this court to the plaintiff to refund all funds, per-capita checks back to defendant Nathaniel Webb. The refund check made payable to Nathaniel J. Webb #82494208 sent to LOCKBOX-484801, Des Moines, Iowa 50947-001 immediately and without delay. That this court GRANT this motion for termination of garnishment and refund all per-capita checks taken from defendant WEBB.

And REPRIMAND the plaintiff that no end-around motions will be tolorated by this court in the future. That the Judicial order of quarterly payments will take place as ordered.

It Is So Prayed.

Respectfully Submitted,

*Nathaniel Webb*

Nathaniel J. Webb #82494208

P.O. Box - 3900 - USP

Adelanto, CA. 92031

DEFENDANT PRO SE:

5

CERTIFICATE OF MAILING

I, Nathaniel Webb, hereby certify that a true and correct copy of the foregoing wasmailed, postage prepaid, to the below listed addresses on this 4th day of June, 2014.

I also state under penalty of prejury that this motion was true and correct to the best of my knowledge.


United States Attorney Office
District of Arizona
405 W. Conress St. Suite 4900
Tuscon, AZ.   85701

Clerk of the Court
405 W. Congress St.
Tuscon, AZ.   85701


*Nathaniel Webb* (signature)

Nathaniel Webb #82494208
United States Penitentiary
P.O. Box - 3900
Adelanto, CA. 92301

 

LEGAL MAIL

Clerk of the Court
405 W. Congress St.
Tuscon, AZ. 85701

RECEIVED
JUN - 6 2014
CLERK'S OFFICE
U.S. DISTRICT COURT